UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------X

FELIX ORIAKHI,

           Plaintiff,

v.                                    Civil No. _____

UNITED STATES OF AMERICA,

           Respondent.

---------------------------------X

RECEIVED
APR 0 7 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## MOTION FOR WRIT OF MANDAMUS FOR THE RETURN OF PROPERTY

Introduction:

    The plaintiff in the above named case is a federal prisoner who appears before this Court to request of a writ of mandamus to compel the return of his property items.

Jurisdiction:

    The district court has jurisdiction pursuant to §1361 28 U.S.C. and §1331 28 U.S.C., Administrative Procedure Act 5 U.S.C. §§701-706 (1988).

Argument:

    In Mitchell v. United States, 419 F. Supp. 2d 709, 711 (W.D. Pa. 2005), the court held that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." See also, Coombs v. Staff Attorneys of Third Circuit, 168 F. Supp. 2d 432, 435 (E.D.Pa. 2001), In re Patenaude, 210 F.3d 135, 140 (3rd Cir. 2000);

<u>In re Roberts</u>, 178 F.3d 181, 183 (3rd Cir. 1999).

<u>ADMINISTRATIVE PROCEDURE ACT (APA)</u>

In <u>Montgomery v. Scott</u>, 802 F. Supp 930, 933 (W.D.N.Y. 1992), the court held that the United States waive sovereign immunity to action for return of property through the Administrative Procedure Act ("APA") 5 U.S.C. §702, which provides as follows:

> "A person suffering legal wrong because of agency action within the meaning of a relevant statute, is entitled to judicial relief thereof. An action in a court of the United States seeking other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States."

See, also <u>Soler v. Sott</u>, 192 F.3d 374, 376 (3rd Cir. 1999), the court held that a person aggrieved by the deprivation of property may file a motion to request the return of that property. In addition, the court concluded that the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.

See, also <u>United States v. $8,850</u>, 461 U.S. 555, 564 (1983),(Fifth Amendment Right against deprivation of property without due process of law); <u>Harris v. Lockhart</u>, 729 F. Supp 650 (E.D.Ark. 1989).

## PROPERTY DEPRIVATION:

Plaintiff alleges that prison officials confiscated plaintiff's property items which included a book, tittled "Good Orgasm Guide" and a Gym Bag."" The book order was confiscated on or about November 2005. And the Gym bag was confiscated on or about May 16, 2005. [Administrative Remedy was exhausted pursuant to 1997e(a)].

Further, plaintiff's attempts to have the seized items from the prison officials resulted in plaintiff's loss of an additional $350.00, plus other expenses. Plaintiff alleges that as a result of the prison officials action, plaintiff has lost a total expenses of about $500.00, which includes, cost paid for the book, shipping and handling, cost for the gym bag, filing fee cost in an FTCA Claims, cost paid for stationaries such as typing wheel, ribbon, correction tape, stamps, copying cost, and etc.

Plaintiff alleges that the prison officials are recognized as law enforcement agent that subject them to the jurisdiction of this Court as stated above. See, <u>Ali v. Federal Bureau of Prisons</u>, 169 LED 2d 680 (2008).

## STATUTE OF LIMITATIONS:

In <u>Santana v. United States Customs Service</u>, 972 F.Supp 304, 305 (MD.Pa. 1997), the court held that 19 U.S.C. §1621 governs the limitation period for actions involving forfeiture. Section 1621 provides that an action for forfeiture must be commenced

3

within five years after the time when the alleged offense was discovered.

Therefore, the plaintiff alleges that no 'forfeiture notice involving the property items that were seized has been served upon till date.

Plaintiff alleges that this action to request for the return of property is timely, since it commences within six years after the incident involving the seizure. See, <u>United STates v. Giovanelli</u>, 998 F.2d 119 (2nd Cir. 1993).

RELIEF:

WHEREFORE, plaintiff moves this Honorable Court to issue the writ of mandamus directing prison officials to return the seized property items and the cost associated with the property or alternatively pay an equivallent cost of the items and the associated cost if the property cannot be located or found by Defendant.

CONCLUSION:

For the reason[s] stated relief be granted.

Respectfully submitted on this 5th day of April 2011.

By: /s/ Felix Oriakhi
Felix Oriakhi
ID#51338-079
F.C.I. Fort Dix  (E)
P.O. Box 2000
Fort Dix, NJ 08640

4

# PROOF OF SERVICE

I certify that on  04-05-11  (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

```
John Andrew Ruymann
Office of the U.S. Attorney
402 East State Street
Trenton, NJ 08608.
```

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 04-05-11 (date) for forwarding to the Court    I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: 04-05-11

INMATE NAME: Felix Onichi
REGISTER NO: 51338-079
HOUSING UNIT: 5751
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
FORT DIX, NJ 08640

⇧ 51338-079 ⇧
John Ruymann
402 E State ST
Trenton, NJ - 08608
United States

"Legal Mail"