UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIX ORIAKHI, | **Hon. Jerome B. Simandle** |
| Plaintiff, | Civil No. 11-1998 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendants. | |

**SIMANDLE, District Judge**:

IT APPEARING THAT:

1. Felix Oriakhi, a prisoner incarcerated at FCI Fort Dix in New Jersey, submitted to the Clerk for filing a pro se document labeled "MOTION FOR WRIT OF MANDAMUS FOR THE RETURN OF PROPERTY." (Docket Entry #1.) The pleading claims jurisdiction under 28 U.S.C. §§ 1331, 1361.

2. Mr. Oriakhi did not prepay the $350.00 filing fee or submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

3. Plaintiff asserted the following facts in the pleading:

> Plaintiff alleges that prison officials confiscated plaintiff's property items which included a book, tit[]led "Good Orgasm Guide" and a Gym Bag. The book order was confiscated on or about November 2005. And the Gym bag was confiscated on or about May 16, 2005. [Administrative Remedy was exhausted pursuant to 1997e(a)]
>
> Further plaintiff's attempts to have the seized items from the prison officials resulted in plaintiff's loss of an additional $350.00, plus other expenses. Plaintiff

>> alleges that as a result of the prison officials action, plaintiff has lost a total expenses of about $500.00, which includes, cost paid for the book, shipping and handling, cost for the gym bag, filing fee cost in an FTCA Claims, cost pain for stationaries such as typing wheel, ribbon, correction tape, stamps, copying cost, and etc.

(Docket Entry #1, p. 3.)

4. For relief, Plaintiff sought a "writ of mandamus directing prison officials to return the seized property items and the cost associated with the property or alternatively pay an equival[]ent cost of the items and the associated cost if the property cannot be located or found by Defendant."  (Docket Entry #1, p. 4.)

5. By Order entered September 30, 2011, this Court found that Mr. Oriakhi's pleading did not support a claim that the United States, the Bureau of Prisons, or any federal employee, owes him a nondiscretionary duty to allow him to retain property of his choosing, to return confiscated or lost property, or to reimburse him for the cost of confiscated or lost property. Accordingly, this Court ruled that the pleading was not a bona fide mandamus petition under 28 U.S.C. § 1361, but a civil action for injunctive relief and/or damages that was subject to the PLRA, and required payment of a $350.00 filing fee or the granting of an application for leave to proceed <u>in forma pauperis</u>

without prepayment of fees pursuant to 28 U.S.C. § 1915(a) and (b)(1).

6. In addition, this Court noted in the Order that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. See, e.g., Oriakhi v. Wood, C.A. No. 07-2532 opinion (3d Cir. Oct. 9, 2007); Oriakhi v. Harding, Civ. No. 98-3465 order (D. Md. Oct. 22, 1998), aff'd, 175 F. 3d 1015 (4th Cir. 1999); Oriakhi v. Butler, Civ. No. 94-2474 order (D. Md. Sept. 30, 1994). This Court determined that, because the facts asserted in the pleading did not show that Plaintiff was in imminent danger of serious physical injury, 28 U.S.C. § 1915(g) barred his proceeding in forma pauperis in this matter. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

7. This Court's Order administratively terminated the action, but advised Mr. Oriakhi that this Court would enter an order reopening the case if he prepaid the $350 filing fee within 14 days of the date of the entry of the Order.

8. Mr. Oriakhi did not prepay the $350 filing fee.

9. On October 5, 2011, Mr. Oriakhi filed a "MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) FED. R. CV. P."  (Dkt 5.)  Mr. Oriakhi states:

> The plaintiff wish[es] to withdraw the demand for equitable relief and other expenses o[th]er than the return of his illegally confiscated book and gym bag in violation of the law.
>
> The plaintiff therefore request[s] this court to direct the return of his book entitled, "good orgasm guide," and "gym bag" only.
>
> Wherefore, the plaintiff prays that the request to alter or amend judgment be granted and the writ of mandamus issue for the return of plaintiff's book and gym bag only.

(Dkt. 5 at 1-2.)

10. Rule 59(e) of the Federal Rules of Civil Procedure provides simply that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995). However, mere disagreement with the District Court's decision is inappropriate on a Rule 59(e) motion, and should be raised through the appellate process. See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)).

11.  In Mr. Oriakhi's original pleading, he wanted this Court to order prison officials to return his gym bag and book. Although Mr. Oriakhi states in the current motion that he is withdrawing his "demand for equitable relief," he again requests this Court to issue a "writ of mandamus" "direct[ing] the return of his book . . . and 'gym bag.'"  (Dkt. 5 at 1.)  Mr. Oriakhi's present motion advances the same argument that was in his pleading.  Because this is not a proper basis for reconsideration under Rule 59(e), this Court will deny the motion.  See <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010).

12.  An appropriate Order accompanies this Opinion.

 s/ Jerome B. Simandle  
**JEROME B. SIMANDLE**  
U.S. District Judge